# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| Ashley Pelzer and Pierre Singleton, as Parents and Natural Guardians of A.S., a Minor, | CIVIL ACTION NO.: |
| Plaintiff(s), | |
| v. | **COMPLAINT** |
| Officer Earl T. Rauch and Officer Phillip Coker, | |
| Defendant(s). | |

The Plaintiffs, complaining of the Defendants, alleges and says as follows:

## **JURISDICTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 *et seq*., and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the Defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331 and 1343.

## **PARTIES**

3. The Plaintiffs Ashley Pelzer and Pierre Singleton, are the parents and natural guardians of A.S., a minor (herein referred to as "Minor Plaintiff"; all Plaintiffs collectively referred to herein as "Plaintiffs"). At all times relevant to this complaint, all Plaintiffs are citizens and residents of Williamsburg County, South Carolina, with the majority of the acts and omissions described in this complaint occurring in Williamsburg County, South Carolina.

4. That Defendant Earl T. Rauch (herein referred to as "Defendant Rauch"), upon information and belief, is a citizen and resident of Williamsburg County, South Carolina. At all times

1

relevant to the below causes of action, Defendant Rauch was employed by the City of Lake City Police Department, was on duty as a City of Lake City Police Officer, and was acting individually under the color of state law. Defendant Rauch is sued in his individual capacity for compensatory and punitive damages under Federal law.

5. That Defendant Phillip Coker (herein referred to as "Defendant Coker"), upon information and belief, is a citizen and resident of Williamsburg County, South Carolina. At all times relevant to the below causes of action, Defendant Coker was employed by the City of Lake City Police Department, was on duty as a City of Lake City Police Officer, and was acting individually under the color of state law. Defendant Coker is sued in his individual capacity for compensatory and punitive damages under Federal law.

6. Upon information and belief, Defendants Rauch and Coker had direct knowledge of the unsafe conditions present during the time period in question, had direct knowledge of the excessive risk of serious harm to the Minor Plaintiff, had direct knowledge of the excessive risk of serious harm to the Minor Plaintiff's health or safety, supervised other Defendants who had direct contact with the Minor Plaintiff or had knowledge of the above, and/or made police decisions that directly caused harm to the Minor Plaintiff.

7. During the time period in question, the Minor Plaintiff's constitutional rights were well established and well known to each of the Defendants listed above, including but not limited to the Minor Plaintiff's rights enumerated herein.

8. Upon information and belief, the Defendants were employees of the City of Lake City Police Department who had direct contact with the Minor Plaintiff and had direct knowledge of the substantial risk to the Minor Plaintiff's safety and health. The Defendants had the obligation and opportunity to protect the Minor Plaintiff from physical harm.

Additionally, during the time period in question, the Minor Plaintiff's constitutional rights were well established and well known to the Defendants listed above. This would include, and not be limited to, the Minor Plaintiff's right to due process, right to be free from danger and right to be free from cruel and unusual punishment. These Defendants were deliberately indifferent to the safety of the Minor Plaintiff by knowingly exposing the Plaintiff to a substantial risk to her physical safety.

9. The allegations set forth in this Complaint occurred in Williamsburg County; therefore, venue is proper in this District.

## STATEMENT OF FACTS

10. The Plaintiffs restate and re-allege every allegation set forth above as if stated herein verbatim.

11. Employees and supervisors of the City of Lake City Police Department have a federal constitutional duty (under the Fourth, Eighth, and Fourteenth Amendment) to protect citizens from cruel and unusual punishment, to protect citizens from the violence at the hands of their coworkers, and to ensure that they receive due process prior to being punished. In this case, the Minor Plaintiff is informed and believes that (a) the Defendants knew that the Minor Plaintiff was exposed to a substantial risk of serious harm to her physical safety; (b) the Defendants consciously failed to take reasonable measures to abate the risk; and (c) the Minor Plaintiff suffered serious injuries as a direct result thereof.

12. Upon information and belief, at all times material and relevant to this action, Defendants Rauch and Coker were commissioned law enforcement officers, elected, or appointed to serve all people in the City of Lake City in Williamsburg County regardless of race, gender, religious affiliation or socioeconomic status. Defendants Rauch and Coker further knew

or should have known that the Minor Plaintiff enjoyed constitutional rights to be free from unnecessary government interference, intrusion, and force that belonged to her.

13. On or about December 20, 2019, Defendants were driving in City of Lake City Police Department vehicles and pursuing a vehicle on the roadway while on duty as commissioned law enforcement officers.

14. Upon information and belief, prior to December 20, 2019, Defendants had undergone basic law enforcement training at the South Carolina Criminal Justice Academy and had undergone 16 hours of annual training by the South Carolina Law Enforcement Training Council for each subsequent year as required by South Carolina law.

15. On or about December 20, 2019, the Minor Plaintiff was a passenger in a motor vehicle driven by Wallace McCray traveling in Williamsburg County, State of South Carolina. Defendants Rauch and Coker were on duty as commissioned law enforcement officers on this date, traveling in City of Lake City Police Department vehicles, and attempted to conduct a traffic stop of the vehicle in which the Minor Plaintiff was a passenger. Mr. McCray did not stop and Defendants Rauch and Coker engaged in a pursuit of said vehicle.

16. That prior to the pursuit, upon information and belief, Defendants Rauch and Coker knew or should have known that there were passengers in the aforementioned vehicle, including the Minor Plaintiff.

17. That despite knowing that there were passengers in the aforementioned vehicle, including the Minor Plaintiff, Defendants Rauch and Coker began a dangerous pursuit of said vehicle at high rates of speed for approximately sixteen (16) miles.

18. That during the pursuit, upon information and belief, Defendants Rauch and Coker knew or should have known that traveling dangerously and at a high rate of speed was improper,

in violation of the enumerated rights of the Minor Plaintiff, in violation of the City of Lake City Police Department's policies and procedures, and in violation of the training they received through the South Carolina Law Enforcement Division and/or the South Carolina Criminal Justice Academy.

19. As a result of the dangerous and unlawful pursuit by Defendants Rauch and Coker, the vehicle carrying the Minor Plaintiff lost control and collided with a tree and a wall, causing severe and permanent injuries to the Minor Plaintiff.

20. That the seriousness of the Minor Plaintiff's injuries required that she be airlifted to a trauma center.

21. These severe injuries and loses to the Minor Plaintiff include a direct and substantial impairment to her fundamental rights to life, liberty, and property.

22. That Defendants Rauch's and Coker's conduct and misuse of the City of Lake City Police Department vehicles were plainly incompetent and they knowingly violated clearly established law by driving the vehicles in a manner that exhibited a conscience-shocking deliberate indifference to the lives and safety of those around them.

23. That the harms and losses suffered by the Minor Plaintiff were the direct and proximate result of the actions and inactions of Defendants Rauch and Coker.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
**Deprivation of the Minor Plaintiff's Fourth Amendment Rights Actionable Under 42 U.S.C. § 1983**

24. The Plaintiffs restate and re-allege every allegation set forth above as if stated herein verbatim.

25. That Defendants Rauch and Coker at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law as commissioned law

enforcement officers.

26. That Defendants Rauch's and Coker's conduct as more fully set forth above deprived the Minor Plaintiff of her rights, privileges, or immunities secured by the Fourth Amendment to the Constitution of the United States.

27. That particularly, Defendants Rauch's and Coker's conduct deprived the Minor Plaintiff of her rights protected by the Fourth Amendment of the Constitution of the United States, guaranteeing citizens the right "to be secure in their persons . . . against unreasonable searches and seizures" of their persons and their right to be free from unnecessary governmental interference.

28. That Defendants Rauch's and Coker's were not objectively reasonable in light of the facts and circumstances, and they conducted an unlawful and unreasonable intrusion into the Minor Plaintiff's life and otherwise committed an unconstitutional search and seizure of the Minor Plaintiff.

29. That as a direct and proximate result of Defendants' unreasonable seizure of the Minor Plaintiff, the Minor Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and are entitled to nominal, actual, punitive damages, and attorneys' fees and costs.

**FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS**
**Deprivation of the Minor Plaintiff's Fourteenth Amendment Rights Actionable Under 42 U.S.C. § 1983**

30. The Plaintiffs restate and re-allege every allegation set forth above as if stated herein verbatim.

31. That Defendants Rauch and Coker at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law as commissioned law

enforcement officers.

32. The acts and omissions of Defendants Rauch and Coker, by driving their vehicles at such extreme rate of speed, constitutes a conscience-shocking deliberate indifference to the lives and safety of those around them, and deprived the Minor Plaintiff of her rights, privileges, or immunities secured by the Fourteenth Amendment to the Constitution of the United States

33. That particularly, Defendants Rauch's and Coker's conduct deprived the Minor Plaintiff of her rights protected by the Fourteenth Amendment of the Constitution of the United States, guaranteeing citizens the right to be free from the deprivation of "life, liberty, or property, without due process of law" and from state created/enhanced dangers.

34. That Defendants Rauch's and Coker's were not objectively reasonable in light of the facts and circumstances, and they conducted an unlawful and unreasonable intrusion into the Minor Plaintiff's life and otherwise violated the Minor Plaintiff's rights protected by the Fourteenth Amendment of the Constitution of the United States.

35. That as a direct and proximate result of Defendants' conscience-shocking conduct, the Minor Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and are entitled to nominal, actual, punitive damages, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for a trial by jury on all issues presently raised or that may be raised in any pleadings hereafter and further seek:

    i.    Judgement against Defendants for actual, special and punitive damages in the amount to be determined by the jury;

ii. To award Plaintiffs reasonable attorney fees, costs, and expenses against Defendants, pursuant to 42 U.S.C. § 1988 and all other applicable law; and

iii. For all other and further relief as the Court and jury deem just and proper.

Respectfully submitted,

**COBB DILL & HAMMETT, LLC**

BY   /s Ryan Andrews
     Ryan C. Andrews, Federal ID:  11748
     222 W. Coleman Blvd.
     Mt. Pleasant, SC 29464
     (843) 936-6680 (office)
     (843) 279-3177 (facsimile)
     randrews@cdhlawfirm.com

**LAW OFFICE OF CEZAR MCKNIGHT**

BY   /s Cezar E. McKnight
     Cezar E. McKnight, Federal ID: 8069
     126 West Mill Street
     Kingstree, SC 29556
     (843) 374-4529 (office)
     cezar@cezarmcknight.com

**ATTORNEYS FOR THE PLAINTIFFS**

Mt. Pleasant, South Carolina
January 19, 2023